# Reed, Appellant, *v.* Broad Top Lumber Company.

*Land law survey—Warrant—Titles—Trespass for cutting timber.*

In an action to recover damages for cutting timber the plaintiffs were compelled to rely on a paper title. They claimed two tracts under a deed made in 1854; the title to one of the tracts failed because it was shown that a survey made in 1787, on which the title was based, was void. The deed made in 1854 recited that the title of the grantors to the second tract was based upon a certain improvement right. The plaintiffs disclaimed any right to recover on the improvement right. They claimed that the title of the second tract was based on a survey made in 1805, but produced no evidence to contradict the recital in the deed of 1854. *Held,* that the plaintiffs, having failed to establish title, were not entitled to recover damages for the timber cut.

Argued April 17, 1912. Appeal, No. 302, Jan. T., 1911, by plaintiffs, from judgment of C. P. Huntingdon Co., May T., 1909, No. 33, for defendant non obstante veredicto in case of William W. Reed et al. v. Broad Top Lumber Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for cutting of timber.

At the trial the jury returned a verdict for plaintiffs. Subsequently the court entered judgment for defendant n. o. v. WOODS, P. J., filing the following opinion:

The plaintiff brought this action of trespass to recover damages alleged to have been sustained by reason of cutting timber from land which they claim. The statement as filed, relied upon what was called, during the trial the Benj. Penn survey, and upon what has been called Arnold Houpt Improvement relying in their chain of title, upon a deed of Arnold Houpt's heirs to Mickley & Cresswell dated May 5, 1854, in Deed Book "M" No. 2, page 12. The case was submitted to a jury

who found for the plaintiff and is now before us on a motion for judgment non obstante veredicto. This being the only question for our determination we are confined to the facts as they appear in the evidence. Did the plaintiffs show such a title as would justify a verdict in their favor? During the progress of the trial the plaintiffs amended their statement so as to conform, as they allege, to what was called, in the trial, the Benj. Penn survey. The defendants claimed under the John Musser title, but under the motion for judgment non obstante veredicto, the defendant's title need not be considered, the question being the sufficiency of the plaintiffs' claim to recover under the pleadings and evidence. Does the Benj. Penn survey relied upon conform to the deed of Arnold Houpt's heirs to Mickley & Cresswell? If it does then the motion for judgment cannot prevail, if it does not then our only conclusion would be to sustain the motion. During the trial of the case there appeared two surveys under the name of Benj. Penn, one containing 107 A. and 87 per. and allowance and the other containing 101 A. and 142 per. and allowance. In the course of the trial the plaintiffs amended their statement and abstract shifting their position from one survey to the other. The land was unimproved and while the plaintiffs' claim to part of the land rested upon a so-called improvement, and designated, Arnold Houpt's improvement, we determined that under the evidence, which does not meet the requirements upon which to sustain a recovery by reason of possession, there could be no recovery on that branch of the case, and if an action could be sustained it must be through their paper title. In the statement as originally filed the plaintiffs rested their claim on what was called at the trial the First Benj. Penn, as described and referred to in the deed to Mickley & Cresswell, the recital in said deed being, "Containing one hundred and seven acres, eighty-seven perches and allowance of six per cent. surveyed the second day of

October 1787, in pursuance of a warrant to Benjamin Penn, dated July 9, 1787." This description of the survey and warrant does not tally with the Second Benj. Penn on which the plaintiffs rely as shown by their amended statement. In said deed both the description by courses and distances and the reference to the date of the warrant and survey conform to the First Benj. Penn and in no place, either in the deed, pleadings or abstract of title is there any reliance by the plaintiffs on the Second Benj. Penn. In short the proof as produced by the plaintiff does not conform to the pleadings as can be readily seen by examining the statement as amended, the deed to Mickley & Cresswell and the two Penn surveys. Under the evidence as produced the plaintiffs have failed to show title to the locus in quo and under this state of facts as shown by the evidence it becomes our duty to sustain the motion for judgment non obstante veredicto. Our answer, therefore, to the first point submitted to us by the defendant and reserved by us is answered in the affirmative; also we affirm the fourth point which we reserved. The fifth and sixth of defendants' points have reference to the defendants' title and under the conclusion reached by us it is not necessary to determine these.

And now November 8th, 1911, upon due consideration it is ordered and directed that judgment be entered in favor of defendant non obstante veredicto. The motion of the plaintiffs to double the verdict is overruled and refused, to which decree the plaintiffs except and bill sealed.

*Error assigned,* among others, was in entering judgment for defendant n. o. v.

*Thos. F. Bailey,* with him *H. H. Waite* and *Chas. C. Brewster,* for appellants.—There was evidence sufficient to sustain plaintiff title. Drinker v. Holliday, 2 Yeates

87; Deal v. McCormick, 3 S. & R. 343; Cassidy v. Conway, 25 Pa. 240; Evans v. Nargong, 2 Binney 55; Hastings v. Wagner, 7 W. & S. 215; Warner v. Tenyb, 48 Pa. 187.

*A. L. Cole,* with him *John D. Dorris,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 22, 1912:

We have examined this record very carefully and are not convinced that the court below erred in entering judgment for the defendant notwithstanding the verdict. In his opinion the learned judge inadvertently says that the plaintiffs in amending the statement shifted their position. What he intended to say was that the plaintiffs' testimony did not sustain their title as set forth in the statement and abstract. The action was brought under the Act of March 29, 1824, P. L. 152, 4 Purd. 4755, to recover damages which the plaintiffs allege they sustained by reason of the defendant having cut timber upon a certain tract of land in Carbon township, Huntingdon county. The cutting is admitted, but the defendant denies that the plaintiffs are the owners of the land. The statement describes the land by courses and distances and concludes by stating that the tract contains "two hundred and eight acres and thirty-seven perches and allowance, being composed in part of a survey of one hundred and one acres and one hundred and forty-two perches and allowance, made the nineteenth day of April, 1805, in the name of Benjamin Penn and by some additional lands cleared, cultivated and held under an improvement by Arnold Houpt." The plaintiffs in their abstract of title set forth a deed from Arnold Houpt's heirs to Mickley & Cresswell, dated May 5, 1854, through which they claim and on which they rely to sustain their title. That deed purports to convey two tracts of land, one containing one hundred and seven acres and eighty-seven perches, "surveyed the second day of October, 1787, in

pursuance of a warrant to Benjamin Penn, dated July 9, 1787"; and the other, an adjoining tract, containing one hundred and one acres and one hundred and forty-two perches and allowance be the same more or less, "being the tract on which John Houpt, party hereto lately resided as tenant at will of the other heirs and legal representatives of Arnold Houpt, deceased, and which tract was first improved by the said Arnold Houpt about the year A. D. 1804, and by improvement been ever since held by actual resident settlement and occupancy, title thereto having been completed."

It is conceded that the survey of October 2, 1787, was void for want of jurisdiction in the officer making it, and, therefore, the land contained in that survey is eliminated from the plaintiffs' title. The plaintiffs also now disclaim any right·to recover on a title under the Houpt improvement right. Their claim is confined to the title under the Benjamin Penn warrant and the survey of April 19, 1805. If the claim is under the survey made in 1805, as set forth in the statement, the plaintiffs failed to sustain their title by evidence in the case. As we have already said, they rely upon the Mickley & Cresswell deed. They have been compelled to abandon the first tract conveyed by that deed and which was surveyed on the second of October, 1787 in pursuance of the warrant of July 9, 1787. The second tract was not held, so far as the evidence discloses, upon the survey made in 1805 in pursuance of the warrant of July 9, 1787, but was held under the Houpt improvement right. This is clearly and distinctly disclosed by the quotation from the deed which we have made. There is nothing in that deed to indicate, as set forth in the plaintiffs' statement, that the one hundred and one acre tract was included in the survey made on April 19, 1805, under the Benjamin Penn warrant. On the contrary, the deed itself avers that the one hundred and one acre tract conveyed by it was held under the Houpt improvement. The plaintiffs have, there-

560 REED, Appellant, v. BROAD TOP LUMBER CO.

fore, failed to show title to the land on which the timber was cut, and it follows that they cannot recover in this action.

We have examined the testimony in this case and entirely agree with the learned court below that it was not sufficient to justify the jury in finding that Houpt had the survey of 1805 made under the Benjamin Penn warrant, or that the land on which the cutting was done is held by the plaintiffs under that official survey. A discussion of the evidence bearing on the question is regarded as unnecessary. In the view we take of the case, the sufficiency of the defendant's title becomes immaterial, as the plaintiffs, not having a title to the premises, cannot complain of the alleged trespass. The question of the right of the plaintiffs to recover double damages, raised by the third assignment, becomes unimportant and need not be considered.

We are of the opinion that the learned court below committed no error in entering judgment for the defendant.

The judgment is affirmed.